# MURRAY-NOLAN BERUTTI LLC

## *Attorneys at Law*

**Partners**
Gwyneth K. Murray-Nolan (NJ, NY, DC)
Ronald A. Berutti (NJ, NY, KY, D. CO)

**Reply to: Ron@MNBlawfirm.com**

**Associate**
Rebecca R. Petersen (NJ)

**Of Counsel**
Elise Potenta (NJ)
Beth Chambers (CO)

August 22, 2025

**Via ECF**
Honorable Jennifer H. Rearden, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

**Memo Endorsed (p. 5)**

      Re:    **Rhodes v. NY Presbyterian**
             **Case No. 1:23-cv-06449-JHR**
             **Our File No. 01162**

Dear Judge Rearden:

      This firm represents the plaintiff, Evan Rhodes, in the referenced matter. Please accept this letter which is being written for two purposes: (1) to provide the Court with new authority from the Second Circuit Court of Appeals that Mr. Rhodes relies on in support of his pending Motion Seeking Leave to File Second Amended Complaint; and (2) a letter motion request that this Court permit discovery to proceed in light of the ongoing prejudice being faced by the plaintiff due to the extensive time lapse caused by motion practice since October 2023, when the first

Motion to Dismiss was filed, which is causing Mr. Rhodes tremendous prejudice while rewarding defendants' desire to delay discovery.

Regarding new authority, Mr. Rhodes relies on *Gardner-Alfred v. FRB of N.Y.*, 2025 U.S. App. LEXIS 16275 (July 2, 2025), wherein the Second Circuit reiterates that private employers were required to analyze religious accommodation requests related to the COVID-19 vaccine mandate under the lens of Title VII even after Governor Hochul's Executive Order which eliminated religious objections to the COVID-19 vaccine mandate. Even if the defendant made other statements objecting to the vaccine which were of a non-religious nature, that does not obviate the employer's required examination of the need and ability to provide a religious accommodation.

Mr. Rhodes alleges that he was provided both a religious and medical exemption from the COVID-19 vaccine. About a year later, both were rescinded by defendants without explanation. Thereafter, no accommodation was provided or considered by defendants. Without explanation, Mr. Rhodes was walked out of the building because he refused the COVID-19 vaccine. Defendants were unable to fire Mr. Rhodes because he was granted disability leave. When disability leave ran out, Mr. Rhodes had to resign so that he could obtain his retirement monies and use them to fund his litigation and life.

Honorable Jennifer H. Rearden, U.S.D.J.                                                                August 22, 2025
                                                                                                                  Page 3

Regarding discovery, defendants entered appearance for the first time on August 23, 2023, a full two years ago. As of today, this case has been bottled up with motion practice and no discovery has been undertaken. Meanwhile, defendants have once again served Mr. Rhodes with a Civil Complaint for eviction from his apartment while the pending Motion Seeking Leave to File Second Amended Complaint awaits a decision. This is the second attempt to evict Mr. Rhodes since motion practice started in this case. Thus, Mr. Rhodes is being forced to fight yet another court battle tangential to this action he asserts herein that his rights have and are being violated. This Court already once denied Mr. Rhodes' motion seeking an injunction against such proceedings. Defendants were forced to dismiss their first tenancy action because they did not have a proper legal basis to evict Mr. Rhodes. They now apparently have created a new theory, one inconsistent with their first eviction effort, to have Mr. Rhodes lease terminated.

Meanwhile, while defendants aggressively seek to render Mr. Rhodes homeless--he already is jobless due to defendants' actions and has had to tap into his retirement funds in order to survive and pay attorneys for the various lawsuits defendants have caused him to have to litigate--absolutely no discovery has taken place herein, not even *Rule* 26 exchanges. The Motion Seeking Leave to File Second Amended Complaint was fully briefed on June 2, 2025. The original Motion to

Honorable Jennifer H. Rearden, U.S.D.J.                                        August 22, 2025
                                                                                          Page 4

Dismiss was filed October 23, 2023 and had not been decided as of May 9, 2024 when the pending motion was filed.

With the passage of time, Mr. Rhodes is being prejudiced both personally in terms of his ability to continue litigating, and also due to the expected loss of witnesses, documents, and other evidence which may be crucial to his case. Thus, we respectfully request that this matter be referred to a United States Magistrate for purposes of commencing discovery. At the very least, *Rule* 26 exchanges should be required.

We have asked defendants to consent to the commencement of discovery. They declined consent. While aggressively moving to evict Mr. Rhodes, defendants are happy to avoid discovery herein, resting on the lapse of time to Mr. Rhodes' prejudice. Defendants' specific position is quoted as follows:

> Given that Defendants' motions to dismiss, if granted, will either: (1) dispose of the entire case and obviate the need for any discovery; or (2) narrow the claims and issues in dispute, proceeding with discovery at this time would be wasteful for the Court and the parties and unduly burdensome. Even if Plaintiff's motion for leave to amend is granted, the allegations in the proposed Second Amended Complaint remain largely unchanged (as we have argued in our opposition to the motion for leave to amend), and the Court would be able to construe the Hospital Defendants' pending motion to dismiss as applicable to the Second Amended Complaint. As the Hospital Defendants argued in their motion to dismiss, the proposed claims in the Second Amended Complaint are futile and fail as a matter of well-established law and pleading. Courts routinely stay discovery pending resolution of a dispositive motion where the motion, as here, would potentially eliminate the entire action. We request that you include the Hospital Defendants' position in any forthcoming letter motion you may file.

We thank Your Honor for consideration of Mr. Rhodes' urgent request.

Respectfully submitted,

**MURRAY-NOLAN BERUTTI LLC**

By: *s/Ronald A. Berutti*
    Ronald A. Berutti

RAB/ad
cc: Honorable Jennifer H. Rearden, U.S.D.J.
ReardenNYSDChambers@nysd.uscourts.gov

The Court is in receipt of numerous filings from the parties. *See* ECF Nos. 83-86. On **September 26, 2025** at **11:00 a.m.**, the Court will hold a conference in this matter. The conference will take place by telephone. Counsel should join the conference by dialing 646-453-4442 and entering access code 764 075 603 followed by the pound (#) sign. Members of the public may call the same number but are to keep their phones muted during the proceeding.

SO ORDERED.

Jennifer H. Rearden, U.S.D.J.
Dated: September 5, 2025